## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

**Finucane Enterprises, Inc.,**

    Plaintiff,

v.

**Arizant Healthcare, Inc.,
Augustine Medical, Inc.,
Citigroup Venture Capital Equity Partners,
L.P.**

    Defendants.

**Civil No. 05-2036 (DSD/JJG)**

**REPORT
AND
RECOMMENDATION**

---

      To once again review, this litigation was stayed pending arbitration in October 2005. The dispute lie dormant until February 2008, when Finucane indicated that it was going to commence arbitration. Because Finucane did not promptly do so, this Court issued an order on March 13, 2008 and directed further action by April 1, 2008. This deadline passed without comment from Finucane.

      As a result, this Court issued an order to show cause on April 16, 2008. In that order, this Court required Finucane to file papers on or before April 23, 2008 and explain why this matter should not be dismissed for failure to prosecute.

      Because Finucane did not respond by the April 23 deadline, defendant Arizant Healthcare (Arizant) filed a letter on April 24, 2008, asking that this litigation be dismissed with prejudice. Responding by a letter on April 25, 2008, Arizant agreed to dismissal of the litigation, attaching a proposed stipulation that calls for dismissal with prejudice.

      The April 25 letter explains that Finucane is a closely held family business, and although Finucane does not expressly say so, Bernie Finucane is evidently the primary stakeholder. When

he was no longer able to manage the business, in February 2008, control was transferred to two of his sons. Bernie suffered an acute medical emergency on April 12, 2008. As a result, his sons have focused on caring for their father, rather than business affairs, and thus they were unable to respond to the April 16 order to show cause.

As previously observed in the April 16 order, where there is a clear record of delay by a plaintiff, a court has authority to dismiss the litigation for failure to prosecute. The delay need not be attributable to bad faith by the plaintiff, and it is enough that the delay is intentional rather than accidental or involuntary.

This Court believes that Finucane is proceeding in good faith, and it cannot be faulted for giving attention to family affairs. Nevertheless, there is a clear record of delay that long predates the recent medical emergency. Because Finucane represents that it is no longer prosecuting this litigation, and because the parties agree in principle that this litigation should be dismissed with prejudice, this Court thinks it appropriate to dismiss for failure to prosecute.

In its April 24 letter, Arizant also asks for an award of fees and costs. Because Arizant does not articulate a legal basis for such an award, this Court declines to address it.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. This litigation be **DISMISSED WITH PREJUDICE** in its entirety, for failure to prosecute, and judgment entered.

2. This Magistrate Judge's order of April 16, 2008 be incorporated by reference.

Dated this 28th day of April, 2008.          /s    *Jeanne J. Graham*

                                              JEANNE J. GRAHAM
                                              United States Magistrate Judge

## NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **May 9, 2008.** A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit.